UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X

MICHEL TOLIVER,                     :        10 Civ. 6298 (LAP)(JCF)

                   :

           Plaintiff,         :        ORDER ADOPTING REPORT
                   :        <u>AND RECOMMENDATION</u>

    v.                               :

                   :

DEPARTMENT OF CORRECTIONS,          :
ET AL.,                             :

                   :

           Defendants.        :

------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

        Michel Toliver ("Plaintiff"), proceeding <u>pro se</u>,
brings this action pursuant to 42 U.S.C. § 1983 against the New
York City Department of Corrections ("DOC"), various DOC
employees, and Prison Health Services, Inc. ("PHS")[1]
(collectively, "Defendants") alleging that constitutional
violations occurred from May 5, 2010, to June 1, 2010, while
Plaintiff was housed as an inmate at the George R. Vierno Center
("GRVC") on Rikers Island.  On June 7, 2011, pursuant to Federal
Rules of Civil Procedure 12(b)(1) and (6), Defendants moved to
dismiss the complaint primarily on the grounds that the
complaint fails to state a claim against PHS and fails to allege
the personal involvement of any of the individually named
Defendants.

---

[1] PHS is "a private corporation that contracts with the City of
New York to provide medical and mental-health care to the city's
inmate population."  <u>White v. Rosenberg</u>, No. 07 Civ. 1807, 2010
WL 423055, at *1 (S.D.N.Y. Feb. 3, 2010).

Plaintiff, in turn, wrote the Court on June 14, 2011, seeking leave to file an amended complaint, a proposed copy of which he included with his letter.  The amended complaint adds as additional Defendants the City of New York (the "City"), a PHS employee, and additional DOC employees.  On August 5, 2011, Defendants filed a reply memorandum of law in which they primarily argue the amended complaint should be dismissed because it too fails to state a complaint against PHS or any of the individually named Defendants.  Defendants do not oppose, however, Plaintiff's motion to amend to the extent it seeks to state a claim for damages against the City arising out of the alleged loss of Plaintiff's property upon his entry into a punitive segregated housing unit within GRVC.

In a letter to the Court dated September 28, 2011 (but stamped as received on September 16, 2011), Plaintiff offered a "supplementary amended complaint" in which he supplements his claim for lost property against the City and adds a section entitled "Explanation as to Why Each Defendant is Being Sued." Defendants responded to the supplementary amended complaint on December 2, 2011, maintaining that Plaintiff's latest attempt still fails to state a claim against PHS and many of the individually named Defendants and that certain allegations pertaining to other individually named Defendants are duplicative of claims asserted against them by Plaintiff in

2

other actions.  Defendants also reiterated they remained
unopposed to Plaintiff's adding the City as a Defendant.

On April 4, 2012, this case was reassigned to the
undersigned, and the pending motions were referred to Magistrate
Judge Francis.  On April 10, 2012, Judge Francis issued a Report
and Recommendation (the "R&R") granting in part Plaintiff's
motion to amend and granting the defendants' motion to dismiss
[see Dkt. No. 51].  Plaintiff timely filed objections [Dkt. No.
55], to which the defendants timely responded [Dkt. No. 59].

Instead of objecting to the conclusions in the R&R
that were based on the facts as alleged in the three different
complaints Plaintiff submitted in this case, Plaintiff primarily
uses his objections to allege new facts.  Although a district
court "may . . . receive further evidence" in reviewing
objections to a report and recommendation, see 28 U.S.C.
§ 636(b)(1), doing so "is disfavored absent a 'most compelling
reason' for the failure to present such evidence or arguments in
the first instance." Black v. Herbert, No. 02 Civ. 6252, 2009
U.S. Dist. LEXIS 35047, at *7 (S.D.N.Y. Apr. 23, 2009) (quoting
Housing Works, Inc. v. Turner, 362 F. Supp. 2d 434, 438
(S.D.N.Y. 2005)).

Here, Plaintiff provides no reason, let alone a
compelling one, as to why his newest allegations submitted in
connection with his objections to the R&R should be considered.

3

Although pro se plaintiffs generally should be provided an
opportunity to amend their complaints prior to dismissal for
failure to state a claim, see Chavis v. Chappius, 618 F.3d 162,
170 (2d Cir. 2010), in this case Plaintiff has had no fewer than
three bites at the apple.  Not only that, but Defendants put
Plaintiff on notice as to their various theories of dismissal of
Plaintiff's claims, e.g., that Plaintiff fails to plead the
individually named Defendants' personal involvement in the
claimed constitutional violations, before the instant motions
were referred to Judge Francis.  And the supplementary amended
complaint evidences at least this theory was not lost on
Plaintiff given it contains the "Explanation as to Why Each
Defendant is Being Sued" section and facts pertaining to certain
individuals' participation in alleged wrongdoings.
Nevertheless, Plaintiff's latest complaint still fails to allege
properly the named Defendants' personal involvement in the
claims at issue in this case.  Accordingly, with respect to
those claims the R&R recommends should be dismissed, Plaintiff
will not be granted leave to amend.

        Having reviewed the R&R, Plaintiff's objections, and
Defendants' response and finding Judge Francis's analysis to be
correct and appropriate upon de novo review, see Fed. R. Civ. P.
72(b), the R&R is hereby adopted to the following extent:

(1)  Defendants' motion to dismiss Plaintiff's claims against DOC is GRANTED.

(2)  Defendants' motion to dismiss Plaintiff's claims against Commissioner Schriro and Chief Davis is GRANTED.

(3)  Defendants' motion to dismiss Plaintiff's claims against Warden Mulvey is GRANTED.

(4)  Defendants' motion to dismiss Plaintiff's claims against PHS is GRANTED.

(5)  Defendants' motion to dismiss Plaintiff's claims that he was denied access to a working typewriter in the law library, telephone privileges upon entering punitive segregation, and access to a chaplain is GRANTED.

(6)  Plaintiff's motion to amend his complaint to add Captain Garcia, Captain Dunbar, and Assistant Deputy Warden Lobmardi is DENIED.

(7)  Plaintiff's motion to amend his complaint to add Phillip Keeplings is DENIED.

(8)  Plaintiff's motion to amend his complaint to assert a claim for money damages against the City of New York for its alleged policy of failing to voucher inmates' property upon their entry into segregated housing is GRANTED.[2]

---

[2] On September 24, 2012, Defendants wrote the Court seeking leave to supplement their motion to dismiss to add failure to exhaust as an additional ground for dismissal.  "Exhaustion of
(cont'd on next page)

CONCLUSION

Defendants' motion to dismiss [Dkt. No. 22] is GRANTED, and Plaintiff's motion to amend is GRANTED IN PART. Plaintiff is directed to file an amended complaint with the Clerk of the Court within 45 days of the date of this order. The amended complaint must (1) comply with the substance of this order, (2) be captioned as an "Amended Complaint," and (3) bear the same docket number as this order.  An Amended Civil Rights Complaint form, which Plaintiff should complete as specified above, is attached to this order.  If Plaintiff fails to comply with the Court's directive and cannot show good cause to excuse such failure, the Court will dismiss the case with prejudice for failure to state a claim upon which relief may be granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken

---

(cont'd from previous page)
administrative remedies is an affirmative defense that defendants bear the burden to raise and prove." Land v. Kaufman, No. 07 Civ. 8070, 2009 WL 1106780, at *5 (S.D.N.Y. Apr. 23, 2009).  Failure to exhaust may be excused when a defendant waives the defense.  Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006).  Here, given that Defendants seek to invoke the affirmative defense of failure to exhaust after an R&R was issued on Defendants' motion to dismiss, the Court finds that Defendants have waived the defense.  To hold otherwise would be especially unwarranted in light of Defendants' express concession that Plaintiff should be granted leave to add a claim against the City; Defendants' request to "supplement" their motion to dismiss when Judge Francis has already recommended it be granted in its entirety suggests Defendants are having second thoughts on this issue.

in good faith, and therefore in forma pauperis status is denied

for the purpose of an appeal.  See Coppedge v. United States,

369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: New York, New York
       September 29, 2012

                                    _____
                                    UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes    ☐ No
(check one)

___ Civ. _____ (   )

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant
may be served. Make sure that the defendant(s) listed below are identical to those contained in the
above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name _____ Shield #_____
                  Where Currently Employed _____
                  Address _____
                  _____

*Rev. 01/2010*                              1

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.     Where in the institution did the events giving rise to your claim(s) occur?

_____

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

**What happened to you?**

D.     Facts:_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| Was anyone else involved? |

_____

_____

_____

| Who else saw what happened? |

**III.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

_____

**IV.    Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

*Rev. 01/2010*                                    3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _____

If YES, which claim(s)?

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.    Which claim(s) in this complaint did you grieve?

_____

2.    What was the result, if any?

_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_____

_____

*Rev. 01/2010*                                        4

_____
_____
_____

2.   If you did not file a grievance but informed any officials of your claim, state who you
     informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative
     remedies.

_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:   You may attach as exhibits to this complaint any documents related to the exhaustion of your
       administrative remedies.

**V.   Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount).   _____

_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*                              5

_____

_____

_____

_____

**VI.   Previous lawsuits:**

| On these claims |
|---|

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

    Yes _____ No _____

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

    1.   Parties to the previous lawsuit:

    Plaintiff _____

    Defendants _____

    2. Court (if federal court, name the district; if state court, name the county) _____

    3.   Docket or Index number _____

    4.   Name of Judge assigned to your case _____

    5.   Approximate date of filing lawsuit _____

    6.   Is the case still pending?  Yes _____ No _____

        If NO, give the approximate date of disposition_____

    7.   What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____ _____

_____

| On other claims |
|---|

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

    Yes _____    No _____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

    1.   Parties to the previous lawsuit:

    Plaintiff _____

    Defendants _____

    2.   Court (if federal court, name the district; if state court, name the county) _____

    3.   Docket or Index number _____

    4.   Name of Judge assigned to your case_____

    5.   Approximate date of filing lawsuit _____

*Rev. 01/2010*                                     6

6.   Is the case still pending?  Yes _____  No _____
     If NO, give the approximate date of disposition_____ _____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there
     judgment in your favor?  Was the case appealed?) _____
     _____
     _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Inmate Number    _____

Institution Address    _____

_____

_____

_____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:    _____

*Rev. 01/2010*                           7