```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
Michel Toliver,                 :    10 Civ. 6298 (LAP)(JCF)
                                :
          Plaintiff,            :    ORDER ADOPTING REPORT
                                :      AND RECOMMENDATION
     v.                         :
                                :
THE CITY OF NEW YORK            :
                                :
                                :
          Defendants.           :
-------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/2014

LORETTA A. PRESKA, Chief United States District Judge:

Pro se Plaintiff Michel Toliver ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 claiming that defendant, The City of New York, ("Defendant") violated his constitutional rights by not issuing vouchers for inmate's personal belongings when they are taken from inmates' custody and stored during the inmate's time in punitive segregation. Plaintiff alleges that this practice resulted in the loss of his personal items and compelled him to wear clothing issued by the jail to his court appearances. Defendant now moves for summary judgment [dkt. no. 86] pursuant to Fed. R. Civ. P. 56 on the grounds that (1) Plaintiff's constitutional rights, specifically his procedural due process rights, were not violated and (2) Plaintiff cannot prove municipal liability. Magistrate Judge Francis issued a Report and Recommendation (the "Report") on

1

November 13, 2013 [dkt. no. 95]. For the reasons set forth below, Judge Francis' Report is ADOPTED, and Defendant's motion for summary judgment is GRANTED.

I. BACKGROUND

The following facts are taken from Defendant's Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 ("Defendant's 56.1 Stmt.") and all accompanying declarations and exhibits. Plaintiff has submitted additional facts in Plaintiff's Opposition to Defendants' Summary Judgment Motion (the "Opposition") but has not submitted a statement pursuant to Local Civil Rule 56.1. It should be noted that Plaintiff's Opposition contains many conclusory allegations. As support for these claims Plaintiff cites to his original complaint, a Report and Notice of Infraction dated May 20, 2010, the docket sheet, an inmate lookup report on himself, and a document featuring an appearance calendar for Plaintiff with the remark "Defendant on trial-Produce in civilian clothes." (See Pl. Opp.) This Court will accept as true only the statements in Plaintiff's Opposition that are supported by the factual record and will disregard the conclusory allegations.

On or about May 5, 2010, Plaintiff was placed into punitive segregation at the George R. Vierno Center ("GRVC"), a New York City Department of Correction ("DOC") jail on Rikers

Island.  (Def. 56.1 Stmt. ¶ 1; dkt. no. 67 at 2-3).  Plaintiff was compelled to turn over his personal property, including his clothing.  (Def. 56.1 Stmt. ¶ 1; dkt. no. 67 at 3).  To replace his clothing Plaintiff was given an orange shirt and orange pants with "DOC" written on the pant legs and across the back of the shirt to wear, and his clothing was placed in "lockers directly on the unit."  (Def. 56.1 Stmt. ¶ 1; dkt. no. 67 at 3, 7).

On or about May 12, 2010, Plaintiff learned that the clothing he had turned over had been misplaced.  (See Declaration of Charles Carey in Support of Defendant's Motion for Summary Judgment ("Carey Decl.), Ex. A at 56:2-4, Ex. B at 1).  On July 2, 2013, Plaintiff filed a separate notice of claim with the City Comptroller's office alleging that a diamond earring he had been permitted to keep had been taken from him.  (See Def. 56.1 Stmt. ¶ 5; Carey Decl., Ex. C. at 1).  Plaintiff noted that the captain in charge of GRVC's intake had given him clothes that fit properly "once or twice" for court appearances.  (See Def. 56.1 Stmt. ¶ 7; Carey Decl., Ex. A at 56:24-57:13).  On several occasions in anticipation of his criminal trial, Plaintiff was afforded sets of civilian clothes including a shirt, sweater vest, jeans, and a "gray button-down collared shirt."  (See Def. 56.1 Stmt. ¶¶ 8-10; Carey Decl., Ex. E at 38:6-40:8, 73:1-74:16, Ex. F at 151:11, Ex. D at 1-2).

3

Plaintiff's grievance dated August 4, 2010, alleges he was denied "a decent set of clean clothes on several occasions." (Def. 56.1 Stmt. ¶ 6; Carey Decl., Ex. D at 1).

Plaintiff's family brought him a suit for a court appearance, which was also misplaced by members of GRVC's staff. (See Def. 56.1 Stmt. ¶ 11; Carey Decl., Ex. A at 39:4-12). Plaintiff believed the loss of his personal effects was a malicious act carried out by Captain Merced, a security captain on his unit, in retaliation for Plaintiff's speaking out about a May 20, 2010 incident. (See Def. 56.1 Stmt. ¶ 12-13; Carey Decl., Ex. A 43:6-15, 41:1-22). Plaintiff claims he attempted to resolve the issue of his missing property informally but such attempts were unsuccessful. (See Def. 56.1 Stmt. ¶ 13; Carey Decl., Ex. A). As a result, Plaintiff filed a Notice of Claim with the New York City Comptroller's office on July 22, 2010. (See Carey Decl., Ex. B). In a September 15, 2010 letter to the Comptroller's office, Plaintiff indicated, with an itemized list of the missing clothing, that his total monetary loss was $1,420.00. (See Def. 56.1 Stmt. ¶ 15; Carey Decl., Ex. F at 2).

Despite knowing that he could have filed suit in state court regarding the missing property, Plaintiff insisted he had a federal claim based on what he believed was the malicious

4

nature of his property loss.  (See Def. 56.1 Stmt. ¶ 16; Carey Decl., Ex. A at 86:10-25).

On November 13, 2013, Judge Francis issued the Report [dkt. no. 95] recommending that Defendant's motion for summary judgment be granted.  On December 17, 3014, this Court received Plaintiff's Opposition to Judge Francis' Report and Recommendation (the "Objections").

II.  DISCUSSION

Plaintiff's objections amount to a regurgitation of the original arguments in his Opposition to Defendant's motion for summary judgment.  For example, Plaintiff takes the opportunity in his Objections to rehash his argument that Defendant deprived him of his due process rights when Defendant failed to issue him a voucher for his property which was subsequently lost.  (See Pl. Obj. at 5-16).  Over the course of several pages Plaintiff identifies various "errors" in the background information presented in Judge Francis's Report such as the characterization of the clothing given to Plaintiff, the existence of lockers in the DOC, and the number of times Plaintiff was deprived of his goods. (Pl. Obj. at 5-6).  The information Plaintiff identifies as error was taken directly from Plaintiff's complaint, amended complaint, statement of additional fact, and pretrial depositions.  If Plaintiff

disagrees with that information or wishes to re-characterize his previous statements, the error is his own, and this Court finds no clear error in the Report.

Plaintiff also reiterates his original arguments for his municipal liability claim. (Pl. Obj. at 16-19). Because Plaintiff has simply repeated the arguments asserted in his previous submissions and there was no clear error in Judge Francis' Report, this Court finds Plaintiff's objections to be without merit.

Accordingly, having reviewed Judge Francis' Report, this Court finds his analysis to be correct and appropriate upon de novo review, see Fed. R. Civ. P. 72(b). Accordingly, the Report is adopted in its entirety and Defendant's motion for summary judgment is granted. This Court has reviewed Plaintiff's Objections to the Report. As noted above, Plaintiff's objections constitute a rehashing of the same arguments and positions taken in the original papers submitted to Judge Francis. Such arguments do not suffice on de novo review and are reviewed only for clear error. See Aponte v. Cunningham, No. 08 Civ. 6748, 2011 WL 1432037, at *1 (S.D.N.Y. Apr. 11, 2011) (citing Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) and Barratt v. Joie, No. 96 Civ. 0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

III. CONCLUSION

For the foregoing reasons the Report [dkt. no. 95] is hereby ADOPTED.  Defendant's motion for summary judgment [dkt no. 86] is hereby GRANTED.

The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED.
Dated:  March 18, 2014

_____
LORETTA A. PRESKA
Chief U.S. District Judge